THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CECILIO NADAL, Defendant and Appellant.

No. 10652.   Argued December 8, 1944.—Decided January 8, 1945.

*Armando Cadilla Ginorio* for appellant.   *R. A. Gómez, Prosecuting Attorney (Fiscal)*, for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The District Court of Arecibo found Cecilio Nadal guilty of contempt of court for perjury because when he testified as a witness in a criminal case prosecuted in said court against Ricardo Cepero for violation of § 7 of Act No. 14 of 1943, he made statements contrary to those he had previously made under oath before the district attorney in the preliminary investigation of the case. It was alleged in the information that the testimony of the witness was essential to the result of the trial. In this appeal the defendant alleges that the judgment is contrary to law and to the evidence introduced. The *Fiscal* of this court prayed for the reversal of the judgment because in his opinion "it is elementary that in a case of perjury the same should have been committed in connection with something essential and material to the prosecution, but such materiality must be proved in the prosecution for perjury," and it was not proved in the present case.

From the analysis which we have made of the evidence for the prosecution, the only one introduced in this case, we are convinced that the judgment should be reversed.

In the information it was alleged that the false testimony given by the defendant consisted in having testified in open court: "that the defendant . . . had been to his mechanical shop were the witness fixes firearms, . . . about two years ago and had taken a revolver to him to be fixed, which he did, returning it then to the defendant . . . when the fact is that he testified under oath contrary to what he stated in open court, that said defendant had brought him the revolver to be fixed about five months ago counting from the month of March, 1943."

There is nothing in the evidence which would show or tend to show that the testimony given by the defendant in open court was essential to the evidence introduced in the prosecution for the violation of the Act relating to the registration of weapons with which Ricardo Cepero was charged. The

district attorney tried to show through the testimony of Mr. Pratts, the Chief of Police, that the testimony of the appellant herein was material to the outcome of the prosecution against Cepero, but when the lower court sustained an objection of the defense when the district attorney began his examination, he withdrew the witness and, even though the court pointed out that he had other means to prove that the false testimony was essential, the prosecuting attorney did not offer any evidence to that effect.

In view of § 1 of Act No. 41 of 1911 (Penal Code, 1937 ed., p. 68) and the cases of *People* v. *Aquino*, 33 P.R.R. 247 and *People* v. *Marchany*, 61 P.R.R. 676, the reversal of the judgment appealed from lies, and the defendant must be discharged.